|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | UNITED STATES DISTRICT COURT | |
| 8 | CENTRAL DISTRICT OF CALIFORNIA | |
| 9 | WESTERN DIVISION | |
| 10 | | |
| 11 | CHARLES L. HALE, JR., | ) No. ED CV 10-01715-DMG (VBK) |
| 12 | Petitioner, | ) ORDER ACCEPTING FINDINGS AND |
|    |             | ) RECOMMENDATIONS OF UNITED STATES |
| 13 | v. | ) MAGISTRATE JUDGE |
| 14 | M. D. McDONALD, | ) |
| 15 | Respondent. | ) |
| 16 | | |

17  Pursuant to 28 U.S.C. §636, the Court has reviewed the Petition
18  for Writ of Habeas Corpus ("Petition"), the records and files herein,
19  and the Report and Recommendation of the United States Magistrate
20  Judge ("Report"). Further, the Court has engaged in de novo review of
21  those portions of the Report to which Petitioner has objected.
22  //
23  //
24  //
25  //
26  //
27  //
28  //

In light of the highly deferential standard which this Court must apply in reviewing Petitioner's claims, the Court accepts the findings and recommendations of the Magistrate Judge. The Court issues a Certificate of Appealability ("COA") as to Petitioner's challenge to his aiding and abetting conviction, but declines to issue a COA as to any other claim.[1]

IT IS SO ORDERED.

DATED: September 13, 2011

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE

---

[1] Under 28 U.S.C. §2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." The Supreme Court has held that, to obtain a Certificate of Appealability under §2253(c), a habeas petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595 (2000)(internal quotation marks omitted); see also Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029 (2003). After review of Petitioner's contentions herein, this Court concludes that reasonable jurists could debate whether there was sufficient evidence to reasonably support the finding of guilt on the aiding and abetting conviction beyond a reasonable doubt. Indeed, the California Court of Appeal found it to be a "close case." See People v. Ricketts, No. E040370, 2008 WL 5207352, at *13. Petitioner has not made a substantial showing of the denial of a constitutional right with regard to any other claim, as is required to support the issuance of a COA.

2